IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

HALIMEH HAMDAN,                  )
                                 )
        Plaintiff,               )
                                 )
            v.                   )        1:05cv779(JCC)
                                 )
SM CONSULTING, INC.,             )
                                 )
        Defendant.               )

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiff's
Motion for reconsideration of this Court's denial of her request
for a court-appointed counsel and on Plaintiff's Motion to set a
hearing.  For the reasons stated below, the Court will deny
Plaintiff's Motions.

**I. Background**

On July 1, 2005, Plaintiff, Halimeh Hamdan, filed a
Complaint in this Court alleging that Defendant, SM Consulting,
Inc., discriminated against her on the basis of her age and
national origin in violation of Title VII of the Civil Rights Act
of 1964, 42 U.S.C. § 2000e, *et seq*.  On October 17, 2005, the
Court received a written request from Plaintiff asking that she
be provided with a court-appointed counsel.  The Court denied
that request on October 20, 2005, finding that the action was not
sufficiently complex to warrant appointment of counsel.  On
November 16, 2005, Plaintiff submitted a written request for

reconsideration of the Court's decision, as well as a request that the Court schedule a hearing.  Plaintiff did not serve this Motion on Defendant.  This Motion is currently before the Court.

## II. Analysis

In the vast majority of circumstances, it is inappropriate for a court to reconsider a prior decision, especially where the motion to reconsider merely restyles or re-hashes the initial issues.  *See In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1407 (S.D. Ind. 1994).  Indeed a motion to reconsider should be granted only in those rare instances where the motion points to a controlling authority that had been overlooked or disregarded in the original ruling, presents evidence or argument that could not have been submitted previously, or demonstrates a manifest error of fact or law.  *See Miller v. Norfolk S. Ry. Co.*, 208 F. Supp. 2d 851, 853 (N.D. Ohio 2002).  Although Plaintiff seeks reconsideration of the Court's denial of her original request for an appointment of counsel, her Motion sets forth no new factors for the Court to consider.  In addition, Plaintiff failed to serve this Motion upon Defendant as required by Rule 5(a) of the Federal Rules of Civil Procedure.  For both of these reasons, Plaintiff's Motion for reconsideration will be denied.

Plaintiff's Motion also requests the Court to "schedule a hearing for this case as soon as possible."  Although it is

unclear what type of hearing Plaintiff seeks, her Motion will be denied as moot. The Court has now twice denied Plaintiff's Motion to appoint counsel, and each time, Plaintiff provided no authority or argument for the Court's consideration. Thus, to the extent Plaintiff's request for a hearing concerns her Motion to appoint counsel, the Court finds that a hearing will be unnecessary. If Plaintiff's request for a hearing seeks a trial on her underlying Title VII claims, the Court notes its November 30, 2005 Order setting an Initial Pretrial Conference for December 28, 2005 and a Final Pretrial Conference for March 16, 2005. Accordingly, in either event, Plaintiff's Motion is moot.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for reconsideration of the Court's Order denying her request for appointment of counsel will be denied. Furthermore, Plaintiff's Motion for the Court to set a hearing will be denied. An appropriate Order will issue.

December 12, 2005                         /s/
Alexandria, Virginia          _____
                                   James C. Cacheris
                          UNITED STATES DISTRICT COURT JUDGE